**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| THOMAS FRANKLIN WOODY, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 2:08-CR-0041-SCJ-JCF-1 |
| UNITED STATES OF AMERICA | : | |
| Respondent. | : | CIVIL ACTION NO. |
| | : | 2:22-CV-0222-SCJ-JCF |

## FINAL REPORT AND RECOMMENDATION

Movant Thomas Franklin Woody, a federal supervised releasee, has filed a *pro se* 28 U.S.C. § 2255 motion-to-vacate challenging this Court's October 26, 2022, Order revoking his supervised release. (Doc. 87 at 1.) The matter is before the Court on the government's motion to dismiss the § 2255 motion for lack of jurisdiction.

As background, in 2009, Movant pled guilty in this Court to one count of armed bank robbery and was sentenced to 115 months' imprisonment to be followed by 5 years' supervised release. (Doc. 50 at 1-3.) Movant served his term of imprisonment and began his supervised release on August 8, 2019. (See doc. 76 at 29.) On January 12, 2022, Movant was arrested in South Carolina and charged with harassment in the first degree of two individuals. Based on these alleged violations,

a United States Probation Officer moved the Court to revoke Movant's supervised release. (*See* doc. 82 at 1.) This Court issued a warrant for Movant's arrest, and he was arrested in South Carolina on March 9, 2022. Following a final supervised release revocation hearing on October 18, 2022, and continued in part to October 25, 2022, this Court entered an Order revoking Movant's supervised release and sentencing Movant to a total of 12 months' incarceration, to be followed by the balance of the term of supervised release previously imposed, with six months of GPS monitoring. (Doc. 82 at 1-2.)

On November 4, 2022, Movant appealed the Order revoking supervised release. (Doc. 83.) Movant's appeal remains pending in the Court of Appeals. See United States v. Woody, No. 22-13780 (11th Cir. filed Nov. 9, 2022). Five days later on November 9, 2022, Movant filed the instant *pro se* § 2255 motion challenging the same supervised release judgment. (See doc. 87.)

The government now moves to dismiss the § 2255 motion for lack of jurisdiction. (Doc. 113.) A district court lacks jurisdiction to consider a § 2255 motion during the pendency of a direct appeal of the same sentence. United States v. Dunham, 240 F.3d 1328, 1329-30 (11th Cir. 2001) (per curiam); see also Blair v. United States, 527 F. App'x 838, (11th Cir. 2013) (per curiam) ("[A] district court

2

does not have jurisdiction to consider or rule on a § 2255 motion during the pendency of a direct appeal of the underlying criminal conviction or sentence."). Because Movant's direct appeal of the same judgment remains pending, his § 2255 motion must be dismissed.

Accordingly, **IT IS RECOMMENDED** that the government's motion to dismiss [113] be **GRANTED** and the § 2255 motion [87] be **DISMISSED WITHOUT PREJUDICE for lack of jurisdiction**.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Because reasonable jurists would not debate the procedural determination that this Court lacks jurisdiction to consider the § 2255 motion, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). If the District Judge adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

The Clerk of Court is **DIRECTED** to terminate the referral to the undersigned United States Magistrate Judge.

**SO RECOMMENDED**, this 19th day of January, 2024.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge